**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARY ALICE GOLDEN-KOETHER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A., <br><br> Defendant. | : <br> : <br> : CIVIL ACTION NO. 11-3586 (MLC) <br> : <br> : **MEMORANDUM OPINION** <br> : <br> : <br> : <br> : <br> : <br> : |

**COOPER, District Judge**

Plaintiffs, Mary Alice Golden-Koether and Caitlin C. Koether ("Plaintiffs"), proceeding pro se, commenced this action in New Jersey state court against defendant, JPMorgan Chase Bank, N.A. ("Chase"), alleging "fraud" on the basis that Chase had not provided "a copy of the original 'Wire Transfer Receipts'" requested by Golden-Koether with respect to withdrawals of approximately $452,000 between September 2006 and October 2006, from a bank account of which she contends she was a 50% owner. (Dkt. entry no. 1, Rmv. Not., Ex. 1, Compl. at 1-2.)  Chase removed the action on the basis that federal subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1332. (Rmv. Not. at 2.)  Chase contends that although Plaintiffs' claim does not cite to a federal statute, it arises under the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 et seq. (Id.)

Chase now moves to dismiss the Complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  (Dkt. entry no. 13, Mot. Dismiss.)  Chase contends the Complaint must be dismissed because it is barred by the EFTA's statute of limitations.  (Dkt. entry no. 14, Def. Br. at 2.)  Plaintiffs have responded to this argument in their opposition papers.  (Dkt. entry no. 16, Pl. Opp'n at 9.)  The Court decides the motion on the submissions of the parties, without oral argument, pursuant to Local Civil Rule 78.1(b).  For the reasons stated herein, the motion will be granted.

I.   **12(b)(6) Motion to Dismiss Standard**

In addressing a motion to dismiss a complaint under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine, whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  At this stage, a "complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct.

1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--that the 'pleader is entitled to relief.'"  Iqbal, 129 S.Ct. at 1950 (quoting Rule 8(a)(2)).

The Court, in evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, may consider the complaint, exhibits attached thereto, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents.  See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

**II.  Electronic Fund Transfer Act**

The EFTA was enacted "to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems," particularly with regard to individual consumer rights.  15 U.S.C. § 1693(b).  It provides a private cause of action for a consumer to seek damages for financial institutions' unauthorized electronic transfer of funds from the consumer's account.  See 15 U.S.C. §§ 1693a, 1693m; Raine v. Reed, 14 F.3d 280, 283 (5th Cir. 1994).[1]

---

[1] The New Jersey Uniform Commercial Code expressly states that it does not apply to claims governed by the EFTA, insofar as the EFTA is the exclusive remedy for consumers seeking documentation

"The EFTA governs wire transfers to and from bank accounts 'established primarily for personal, family, or household purposes.'" Regatos v. N. Fork Bank, 257 F.Supp.2d 632, 638 n.10 (S.D.N.Y. 2003) (quoting 15 U.S.C. § 1693a(2)).  The Court finds that the EFTA applies to Plaintiffs' claim that Chase failed to provide supporting documentation regarding what the Complaint appears to suggest may have been unauthorized wire transfers from a consumer account jointly owned by Golden-Koether and her ex-husband.

### III. EFTA Statute of Limitations

The EFTA requires that when a consumer believes an unauthorized electronic fund transfer or other error has occurred, the consumer must provide, within sixty days of receiving documentation such as an account statement, oral or written notice to a financial institution setting forth the identifying account information and the basis for the consumer's belief that the account contains an error.  15 U.S.C. § 1693f(a).  The financial institution is obliged to investigate and respond to such notice within ten business days.  Id.  Any action brought under the EFTA must be brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1693m(g).  "In light of the ten-day statutory period within which a financial

---

pertaining to fund transfers, disputing the validity of a transfer, and asserting claims against financial institutions. N.J.S.A. §§ 12A:4A-104, 12A:4A-108.

institution must provide a written response," the statute of limitations begins to run ten days after the consumer provides the oral or written notice of the alleged error to the financial institution.  <u>Berenson v. Nat'l Fin. Servs., LLC</u>, 403 F.Supp.2d 133, 145 (D. Mass. 2005).

The wire transfer transactions at issue occurred in September and October 2006.  (Compl. at 2.)  The Complaint alleges that on some unspecified date, Golden-Koether had a telephone conversation with an Executive Assistant at Chase, "was told that the bank statement" for the period in question "was a true statement," but Chase failed to "give [her] further information on [her] account <u>for the past 3½ years</u>."  (<u>Id.</u> at 4 (emphasis added).)  It is thus evident from the face of the Complaint that any claim arising under the EFTA is barred by the one year statute of limitations.  Even presuming that Plaintiffs satisfied the prerequisite of providing notice within sixty days of receiving the bank statement showing the September and October 2006 account withdrawals, three and a half years passed between Golden-Koether's providing notice to Chase and the filing of the Complaint on December 6, 2010.  15 U.S.C. § 1693m(g); <u>see</u> <u>Houck v. Local Fed. Sav. & Loan, Inc.</u>, No. 93-6046, 1993 WL 191818, at *3 (10th Cir. June 1, 1993 (Table Decision at 996 F.2d 311)); <u>Springer v. Wachovia Bank, N.A.</u>, No. 09-628, 2010 WL 427417, at *2 (M.D. Fla. Feb. 1, 2010).

5

**IV.   Common Law Fraud**

The Complaint also must be dismissed insofar as it purports to assert a claim for common law fraud.  (See Pl. Opp'n at 8 ("Actually, what I am suing for is fraud on Chase Bank. . . . [for] not giving me documents of a joint account of mine.").)[2] To state a claim for fraud, Plaintiffs must allege "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (1997).

Plaintiffs have not alleged that they relied upon the bank statement showing withdrawal of funds by wire transfer for the September to October 2006 period.  Rather, the Complaint alleges that Golden-Koether notified Chase that she wished to receive further documentation regarding these withdrawals, and has been damaged as a result of retaining attorneys to obtain such documents since Chase responded to her notification in a way that was unsatisfactory to her.  (Pl. Opp'n at 7 ("I have spent all money on attorneys attempting to gain the wire transfer

---

[2] The Court lacks jurisdiction to review proceedings that occurred in state court, referred to in the Plaintiffs' opposition papers. (Pl. Opp'n at 5, 8.) See, e.g., Dunleavy v. Gannon, No. 11-361, 2011 WL 5321004, at *2-3 (D.N.J. Nov. 1, 2011) (observing that the "District Court lacks the entitlement of appellate jurisdiction required to review a state court judgment" and discussing Rooker-Feldman doctrine).

documents. . . ." and referring to the "account withdrawal summary . . . I had received originally in October of 2006").) As Chase points out, the Complaint cannot be read as suggesting that Plaintiffs relied on the account statement, because Golden-Koether alleges that she has been trying to obtain the "wire transfer receipts" for years.  (Dkt. entry no. 17, Def. Reply Br. at 3; Compl. at 4.)  See Joe Hand Promotions, Inc. v. Mills, 567 F.Supp.2d 719, 727-28 (D.N.J. 2008) (dismissing fraud claim for failure to plead reasonable reliance where plaintiff indicated that it thought the representation in question was false from the time it was communicated).  Because no reasonable reliance has been alleged, Plaintiffs have not stated a claim for common law fraud.

## CONCLUSION

For the reasons discussed supra, the Court will grant the motion to dismiss.  The Court will issue an appropriate Order and Judgment.

    s/ Mary L. Cooper    
**MARY L. COOPER**
United States District Judge

Dated:   November 29, 2011

7